

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# USA v. Brewster

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1945

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Brewster" (2005). 2005 Decisions. Paper 1360.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1360

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1945

UNITED STATES OF AMERICA

v.

BILLY BREWSTER,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 02-cr-00136
(Honorable Malcolm Muir)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2005

Before: SCIRICA, *Chief Judge*, RENDELL and FISHER, *Circuit Judges*

(Filed April 14, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

On June 13, 2002, Billy Brewster was indicted by a federal grand jury on nineteen

counts of various firearms offenses. These charges arose from Brewster's purchase and

sale of firearms in Pennsylvania and New York, his fraudulent acquisition of a

Pennsylvania driver's license, his enlistment of his brother in the illegal purchase of firearms in Pennsylvania, payments made to his brother for these services, and his instruction to his brother that he file false police reports relating to the alleged theft of the firearms Brewster had sold. On August 20, 2003, Brewster pleaded guilty to illegally engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and causing false statements to be made with respect to the purchase of two firearms, in violation of 18 U.S.C. § 922(a)(6).

A presentence report was prepared, recommending a Guidelines imprisonment range of 37-46 months.[1] At sentencing, Brewster raised three objections to the presentence report. First, he claimed the report improperly counted the firearms involved in his offense. Brewster also objected to the 2-level increase recommended by the presentence report for his role as an organizer, leader, manager, or supervisor of criminal activity, which was based upon his instruction to his brother to purchase firearms for him following issuance of a New York protection order preventing him from purchasing the firearms himself. Finally, Brewster objected to the 2-level enhancement for obstruction of justice. He argued that the enhancement was improper because there was no evidence

_____

[1] The presentence report calculated Brewster's total offense level at 21, based upon a base offense level of 14, an increase by six levels because the offense involved 28 firearms, an increase of two levels because Brewster recruited his brother to participate with him, an increase of two levels for obstruction of justice, and a decrease by three levels due to Brewster's acceptance of responsibility. Coupled with Brewster's criminal history category I, this offense level of 21 resulted in a Guidelines sentencing range of 37-46 months.

that his conduct regarding his brother's filing of a false police report had any effect on the government's investigation.

Brewster's objections were overruled by order dated March 18, 2004, and on March 30, 2004 he was sentenced to 46 months imprisonment, three years' supervised release, and a special assessment of $200. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

On appeal, Brewster raises the same three issues he raised at sentencing, claiming that each of the three enhancements was based on facts found by the judge, rather than a jury, rendering his sentence constitutionally infirm under *Blakely v. Washington*, 124 S. Ct. 2531 (June 24, 2004). Since submitting his initial brief, Brewster has also challenged his sentence under *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005).

Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.